

fisherphillips.com

New Jersey
430 Mountain Avenue
Suite 303
Murray Hill, NJ 07974

(908) 516-1050 Tel

Writer's Direct Dial:
(908) 516-1050

Writer's E-mail:
ctandy@fisherphillips.com

August 30, 2019

**VIA ECF**

Honorable Ona T. Wang, U.S.M.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY  10007-1312

   Re: *Mondello v. TMPL Holdings LLC, et al.*
     Civil Action No. 1:18-cv-12211-ALC

Dear Judge Wang:

  This letter, jointly submitted by Plaintiff Derek Mondello ("Mondello") and Defendants TMPL Holdings, LLC; 99th Avenue Holdings, LLC, individually and d/b/a TMPL Gym; and David Barton, (collectively referred to as "Defendants"), is provided to the Court to allow the Court to assess whether the proposed settlement in this matter is fair, reasonable, and adequate. The parties' settlement agreement complies with Cheeks v. Freeport Pancake House Inc., 796 F.3d 199 (2d Cir. 2015) and reflect a compromise between the Plaintiff and Defendants. Accordingly, the parties respectfully request that the Court approve the agreement.

  Mondello was employed by Defendants from January 20, 2017 through March 22, 2017 as a Membership Advisor. Plaintiff alleges that he was not paid for a total of 35 hours of overtime during this time. Plaintiff brought this action seeking to recover these wages pursuant to the Fair Labor Standards Act and the New York Labor Law. The Defendants denied that Plaintiff was not properly paid the hours worked. In addition to this lawsuit, Plaintiff also filed a Complaint against Defendants with the United States District Court, Southern District of New York alleging discrimination and harassment on the basis of his sex, gender and sexual orientation as well as retaliation in violation of Title VII of the Civil Rights Act of 1964, the New York State Executive Law §296(6) and the New York City Human Rights Law (Civil Action No. 1:18-cv-5338). On April 12, 2019, Judge Carter referred this case to mediation. (Dkt 16). Thereafter, the parties agreed to a private mediation with Dina Jansenson, Esq. of JAMS to achieve a global settlement of the two lawsuits. On July 23, 2019, the parties attended an all-day mediation with Ms. Jansenson who was instrumental in assisting the parties to reach a settlement in both cases.

Fisher & Phillips LLP
Atlanta • Baltimore • Bethesda • Boston • Charlotte • Chicago • Cleveland • Columbia • Columbus • Dallas • Denver • Fort Lauderdale • Gulfport • Houston
Irvine • Kansas City • Las Vegas • Los Angeles • Louisville • Memphis • New Jersey • New Orleans • New York • Orlando • Philadelphia
Phoenix • Pittsburgh • Portland • Sacramento • San Diego • San Francisco • Seattle • Tampa • Washington, DC

FPDOCS 36042478.1

Honorable Ona T. Wang, U.S.M.J.
August 30, 2019
Page 2

In this District, there is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60*, LLC, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (quoting *Crabtree v. Volkert, Inc.*, 2013 WL 593500, at *3 (S.D.Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (quoting *Le v. SITA Info. Networking Computing USA, Inc.*, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting *Medley v. Am. Cancer Soc.*, No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In this case, the factors support approval of the settlement.

The parties have agreed to settle this action for the total sum of $1,500.00. Per the terms of the settlement agreement, the Defendants will make this payment within 21 days of the Court's approval of the settlement agreement. The settlement agreement is the product of much arm's-length bargaining between experienced counsel, and is fair to Plaintiff. Per calculations prepared by the undersigned, Plaintiff's damages for unpaid wages totaled $890. The settlement amount of $1,500.00 covers this amount and provides for alleged liquidated damages. This is a fair settlement as it allows Plaintiff a guarantee payment in 21 days of settlement approval. The Settlement Agreement also enables Plaintiff to secure payment while avoiding the burden and uncertainty of litigation. It is submitted that there are a number of factual and legal disputes between the parties which could ultimately impact Plaintiff being able to be successful if this case were to proceed to dispositive motion practice or to trial. While Plaintiff potentially could have recovered a slightly greater amount than the amount he is settling for, there is also significant risk that he would recover nothing from the Defendants.

The parties are cognizant of certain requirements of settlement agreements which purport to settle wage & hour claims under the FLSA and NYLL in light of the Second Circuit's decision in *Cheeks*. At present, the parties have executed a settlement agreement as well as a Stipulation of Dismissal (attached hereto as Exhibits 1, and 2, respectively). First and foremost, the parties have agreed that the settlement amount will not be confidential and the total settlement amount (as well as the amount Plaintiff would ultimately recover himself) would be filed via ECF (which has been done here). Furthermore, the settlement agreement contains provisions which prohibit counsel for Plaintiff and Settling Defendants from "contact[ing] the media, post[ing] online or utilize[ing] any social media regarding this Settlement," (Agreement, at Section 7(a)), however, the settlement agreement does not contain any provisions which would bar Plaintiff from "openly discussing his experiences litigating this wage-and-hour case." *Id.*, at *16; *See Camacho v. Ess-A-Bagel, Inc.*, No. 14 Civ. 2592 (LAK), 2015 U.S. Dist. LEXIS 2658, at *3 (S.D.N.Y. Jan. 9, 2015). In fact, the settlement agreement explicitly clarifies this. (Agreement, at Section 7(c)).

Plaintiff's counsel is not seeking attorneys' fees relating to this action and, as such, there

Honorable Ona T. Wang, U.S.M.J.
August 30, 2019
Page 3

is no reference to attorneys' fees in the Agreement.

In light of the foregoing, the parties respectfully submit that the proposed settlement amount is fair and reasonable, and further, that the terms of the settlement agreement comport with the requirements under the FLSA and NYLL in light of *Cheeks*. Accordingly, the parties respectfully request the Court to approve the settlement agreement entered into between the parties and so-order the executed Stipulation of Dismissal and dismiss this action with prejudice.

The parties thank the Court for its attention to this matter.

Respectfully submitted,

| **DEREK SMITH LAW GROUP, PLLC** | **FISHER & PHILLIPS LLP** |
|---|---|
| By: *[signature]* | By: *[signature]* |
| Abraham Z. Melamed, Esq. | Colleen P. Tandy, Esq. |
| Derek Smith Law Group, PLLC | Fisher & Phillips LLP |
| One Penn Plaza Suite 4905 | 430 Mountain Avenue, Suite 303 |
| New York, New York 10019 | Murray Hill, New Jersey 07974 |
| Phone: (212) 587-0760 | Phone: (908) 516-1050 |
| Fax: (212) 587-4169 | Fax: (908) 516-1051 |
| E-mail: abe@dereksmithlaw.com | E-mail: ctandy@fisherphillips.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

CPT:jm
Enclosure

# EXHIBIT 1

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement ("Settlement Agreement") is entered into between Plaintiff Derek Mondello ("Mondello") and TMPL Holdings LLC and 99th Avenue Holdings, LLC d/b/a TMPL Gym (collectively referred to as "TMPL Gym" or the "Company") (Mondello and TMPL Gym are individually referred to as a "Party" and collectively referred to herein as the "Parties"), to settle *Derek Mondello, on behalf of himself and all others similarly situated, v. TMPL Holdings, LLC; 99th Avenue Holdings, LLC, individually and d/b/a TMPL Gym; David Barton,* pending in the United States District Court Southern District of New York Civil Action No. 18-cv-12211 (the "Wage-Hour Lawsuit").

**WHEREAS,** in the Wage-Hour Lawsuit, Mondello has asserted a cause of action, claim, or demand against TMPL Gym and David Barton based on alleged violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") including, but not limited to, non-payment of overtime wages allegedly earned by Mondello;

**WHEREAS,** the Company denies that it has committed any wrongdoing or violated any federal, state, or local laws, vigorously dispute the claims asserted in the Wage-Hour Lawsuit, and continue to assert that it has a strong and meritorious defenses to such claims;

**WHEREAS,** the Parties have agreed that in order to avoid the expense and burdens of further litigation and after substantial, arms-length settlement negotiations, the Parties desire to resolve and settle the Wage-Hour Lawsuit, including releasing all claims and charges against the Company asserted therein, upon the terms and conditions more fully set forth below;

**IT IS HEREBY STIPULATED, CONSENTED TO AND AGREED,** by and among the Parties, and intending to be legally bound that subject to the approval of the Court, this Wage-Hour Lawsuit shall be settled and dismissed as against TMPL Gym and David Barton, on the merits and

with prejudice and the released claims, set forth in Paragraph 4, shall be finally and fully compromised and settled in the manner and upon the terms and conditions hereafter set forth:

1. **Process for Approval of Settlement.** After receipt of the complete and fully executed Settlement Agreement, the Parties shall submit to the Court all papers necessary to obtain approval of this Settlement.

2. **Payment of Settlement Proceeds.** In consideration of the execution of this Settlement Agreement and promises and covenants contained herein, and in full, final, and complete settlement, the Parties acknowledge and agree that this Wage-Hour Lawsuit is settled and resolved for the total gross amount of One Thousand Five Hundred Dollars ($1,500.00), ("Gross Settlement Amount"). Mondello acknowledges that the Gross Settlement Amount is sufficient and adequate consideration in exchange for Mondello's promises, releases and covenants as set forth below. Within twenty-one (21) days of the Court's final approval of this Settlement Agreement, the Company, through counsel, shall deliver to Mondello's counsel, Derek Smith Law Group, PLLC, c/o Abraham Z. Melamed, Esq., One Penn Plaza, Suite 4905, New York, New York 10119 a check made payable to Derek Mondello in the gross amount of One Thousand Five Hundred Dollars ($1,500.00).

Mondello understands and agrees that TMPL Gym is providing him with no tax or legal advice, and make no representations regarding tax obligations or consequences, if any, related to this Agreement. Mondello agrees that he will be solely responsible for any and all taxes payable by him with respect to the settlement payment and agrees that he will timely file the appropriate income tax return(s) for calendar year reflecting the above payment and will timely pay the taxes. Notwithstanding the foregoing, if any claim is asserted against TMPL Gym or any of the Released Parties (defined below), by any taxing authority with respect to the payments provided for herein,

2

Mondello shall hold harmless and indemnify TMPL Gym and any of the Released Parties from any cost, loss, liability, expense, fine, and penalty, and attorneys' fees arising from any of the payments set forth herein and/or the extent of withholdings from same; provided, however, that Mondello shall bear no responsibility for or in connection with the failure of TMPL Gym to make any employer's contributions to payroll taxes.

3. **Settlement Payments Do Not Trigger Additional Benefits.** All payments to Mondello shall be deemed to be paid solely in the year in which such payments actually are received by Mondello. The Parties agree and Mondello acknowledges that the payments provided for in this Settlement Agreement are the sole payments to be made to Mondello in connection with the Wage-Hour Lawsuit and that Mondello is not entitled to any new or additional compensation or benefits as a result of having received the payments (notwithstanding any contrary language or agreement in any benefit or compensation plan document that might have been in effect during the period covered by this Settlement).

4. **Waiver and Release of Claims.**

    4.1 The term "Released Parties" as used in this Agreement includes (a) TMPL Gym, and each of its respective past, present, and future owners, parents, divisions, subsidiaries, partnerships, other affiliates, professional employer organizations, insurers, re-insurers, and other related entities (whether or not they are wholly owned); (b) the past, present, and future owners, trustees, fiduciaries, administrators, shareholders, directors, officers, partners, agents, representatives, members, associates, employees, including David Barton, Juan Morrero and Ryan Sturtz, and attorneys of each entity, listed in subparts (a) and above; and (c) the predecessors, successors, and assigns of each entity listed in subparts (a) and (b).

3

4.2     Mondello, in consideration of the Settlement Payment set forth in Paragraph 2, releases and forever discharges the Released Parties, from all actions, causes of action, claims, and demands whatsoever, whether known or unknown, whether asserted or unasserted, in law or equity, relating to the laws governing minimum wage, overtime pay, wage payments, or other wage and hour issues, including, but not limited to, claims arising under the Fair Labor Standards Act, New York Labor Law, Article 5, § 160, *et seq.*, New York Labor Law, Article 6, § 190, *et seq.*, the New York Minimum Wage Act, New York Labor Law, Article 19, § 650, *et seq.*, New York's Minimum Wage Order, 12 NYCRR Part No. 142, claims for unpaid wages, unpaid overtime, disputes over hours worked, or failure to provide proper wage statements or notices, claims for breach of contract or compensation related to the payment of wages, and claims asserted in the Wage-Hour Lawsuit. The released claims include interest, liquidated damages, punitive damages, penalties, attorneys' fees and costs related to such claims. The Company knowingly and voluntarily releases and forever discharges Mondello of and from any and all claims arising under the Fair Labor Standards Act, New York Labor Law, Article 5, § 160, *et seq.*, New York Labor Law, Article 6, § 190, *et seq.*, the New York Minimum Wage Act, New York Labor Law, Article 19, § 650, *et seq.*, New York's Minimum Wage Order, 12 NYCRR Part No. 142.

4.3     For the avoidance of doubt, any and all claims, debts, liabilities, demands, obligations, guarantees, costs, disbursements, expenses, attorneys' fees, damages, causes of action, claims and demands, at law or in, equity, direct or indirect, known or unknown, discovered or undiscovered, which any Party had, now has or may have had against the Futures Defendants are not waived or released by this Settlement Agreement.

5.     **Scope of Waiver of Claims**. Nothing in this Settlement Agreement shall constitute a waiver of any rights to enforce the terms of this Settlement Agreement or waiver of claims that cannot

4

be legally waived or of claims that arise after the date this Settlement Agreement is executed. Nothing in this Settlement Agreement shall be construed to prohibit Mondello from filing a charge with or participating in any investigation or proceeding conducted by the EEOC, NLRB or comparable state or local agency. However, Mondello agrees that he has released the Released Parties from any and all liability arising from the laws, statutes, and common law listed in Paragraph 4, above. As such, Mondello is not and will not be entitled to any monetary or other comparable relief on his behalf resulting from any proceeding brought by Mondello, or any other person or entity, including but not limited to any federal, state, or local agency. With this release of claims in this Settlement Agreement, Mondello specifically assigns to TMPL Gym his right to any recovery arising from any such proceeding.

6. **Settlement Contingent on Court Approval.** This Settlement Agreement is contingent upon the Court's approval of the Settlement ("Final Approval"). If the Court refuses to grant Final Approval, this Settlement Agreement may be voided at any Party's option, in which case this Settlement Agreement will become void and will not be used for any purpose in connection with any further litigation in the Wage-Hour Lawsuit or any other lawsuit, administrative or other legal proceeding, claim, investigation, or complaint, except that the non-disclosure obligations in Paragraph 7 below will remain in effect.

7. **Non-Disclosure and Communications.**

    a. Mondello's counsel and Company's counsel will not contact the media, post online or utilize any social media regarding this Settlement or its terms. If contacted by the media regarding this Settlement, counsel's response can be "no comment" or be limited solely to words to the following effect: "The matter has been resolved."

b. Mondello's Counsel will promptly notify Company's Counsel of any third-party demand that they disclose information pertinent to this Settlement.

c. No provision in this Settlement Agreement shall be construed to restrict Mondello's ability to discuss his experience in litigating a wage-and-hour case brought pursuant to the Fair Labor Standards Act or New York Labor Law.

8. **Mutual Full Cooperation.** The Parties will fully cooperate with each other and with the Court to accomplish the terms of this Settlement Agreement, including but not limited to, the preparation and execution of documents necessary to implement this Settlement Agreement. The Parties will use their best efforts to effectuate this Settlement Agreement, including during any appeals, and will use their best efforts to obtain the Court's approval of the Settlement and to defend the Settlement from any legal challenge.

9. **Complete Agreement.** No representation, promise, or inducement has been offered or made to induce any Party to enter into this Settlement Agreement, which contains the entire, complete, and integrated statement of all Settlement terms and supersedes all previous oral or written agreements. This Settlement Agreement may not be amended or modified except by a writing signed by the Parties' authorized representatives, provided any such amendment or modification is not contrary to law or an order of the Court.

10. **Notifications and Communications.** Any notifications or communications made in connection with this Settlement Agreement shall be sent to the Parties at the addresses of their respective counsel as follows:

| | |
|---|---|
| DEREK SMITH LAW GROUP, PLLC<br>c/o Abraham Z. Melamed, Esq.<br>One Penn Plaza<br>Suite 4905<br>New York, NY 10119<br>Tel. (212) 587-0760 | FISHER & PHILLIPS LLP<br>c/o David B. Lichtenberg, Esq.<br>430 Mountain Ave<br>Suite 303<br>Murray Hill, New Jersey 07974<br>Tel. (908) 516-1050 |

6

| | |
|---|---|
| Fax (212) 587-4169<br>abe@dereksmithlaw.com<br>*Attorneys for Plaintiff* | Fax (908) 516-1051<br>dlichtenberg@fisherphillips.com<br>*Attorneys for Defendants.* |

11. **No Admission of Liability and No Concession as to the Merits.** The Company denies that it violated the law in any manner alleged in or related to the Wage-Hour Lawsuit. The Mondello acknowledges and agrees that the payments made pursuant to this Settlement Agreement are not to be construed as an admission of liability on the part of the Company or Released Party. The Parties enter into this Settlement Agreement to avoid the risks, uncertainty, expense and burden of further litigation. This Settlement Agreement shall not be construed or deemed to be an admission of liability, culpability, negligence, or wrongdoing on the part of the Company or Released Party. Neither the settlement nor the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the settlement or the Settlement Agreement: (i) is or may be deemed to be or may be used as an admission or evidence of the validity of any Released Claim or of any wrongdoing or liability of the Company; or (ii) is or may be deemed to be or may be used as an admission or evidence of any liability, fault or omission of the Company in any civil, criminal or administrative proceeding in any court, arbitration proceeding, administrative agency or other forum or tribunal in which the Company is or may become a party, other than in such proceedings as may be necessary to consummate or enforce the Settlement Agreement or the Final Approval order.

12. **Waiver.** The waiver by one party of any breach of this Settlement Agreement by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Settlement Agreement. No rights under this Settlement Agreement may be waived except in writing and signed by the waiving party.

13. **Miscellaneous.** This Settlement Agreement shall not be construed in favor of or against any party by reason of the extent to which any party or such party's counsel participated in the drafting of the Settlement Agreement. This Settlement Agreement constitutes the entire

agreement among these Parties, and no representations, warranties or inducements have been made to the Parties concerning this Settlement Agreement, other than the representations, warranties and covenants contained and memorialized in such documents.

14. **Execution in Counterparts.** This Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Fax or .pdf signatures shall be deemed original copies for the purposes of this Settlement Agreement.

15. **Binding Effect.** This Settlement Agreement shall be binding upon and shall inure to the benefit of the successors and assigns of the Parties hereto.

16. **Governing Law.** This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of New York, without regard to choice of law principles. The Court shall retain jurisdiction over actions or proceedings based upon, including the enforcement of, this Settlement Agreement or any of its terms. All Parties to this Settlement Agreement shall be subject to the jurisdiction of the Court for all purposes related to this Settlement Agreement.

17. **Headings.** The Paragraph headings in this Settlement Agreement are for the convenience of reference only, do not constitute a part of this Settlement Agreement, and shall not be deemed to limit or affect any provision hereof.

18. **Knowing and Voluntary Agreement.** The Parties enter into this Settlement Agreement knowingly, voluntarily, and with full knowledge of its significance. The Parties have not been coerced, threatened, or intimidated into signing this Settlement Agreement and have consulted with legal counsel regarding the Settlement Agreement. In addition, Mondello acknowledges that he has been given a reasonable time in which to consider and sign this Settlement Agreement, that the Settlement Agreement has been written in a clear manner, and that he fully understands the

FPDOCS 36037883.1

significance of all the terms and conditions of this Settlement Agreement and has had the opportunity to discuss them with his attorney and that he has answered to his satisfaction any questions he has asked with regard to the meaning and significance of any of the terms or provisions of this Settlement Agreement.

By: _____  
DEREK MONDELLO

Dated: August 30, 2019

TMPL GYM

By: _____  
Name:  
Title:

Dated: August 30, 2019

# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEREK MONDELLO, on behalf of himself And all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TMPL HOLDINGS LLC, 99TH AVENUE HOLDINGS, LLC, individually and d/b/a TMPL GYM, DAVID BARTON, individually,<br><br>Defendants. | Civil Action No. 1:18-cv-12211<br><br>STIPULATION OF DISMISSAL WITH PREJUDICE |

IT IS HEREBY STIPULATED AND AGREED by and between Derek Mondello ("Plaintiff") and Defendants TMPL Holdings, LLC; 99th Avenue Holdings, LLC, individually and d/b/a TMPL Gym; and David Barton ("Defendants") through their undersigned counsel that the above-captioned action be dismissed in its entirety, with prejudice, and without costs to any party, except to the extent otherwise expressly provided in the Settlement. The U.S. District Court shall retain jurisdiction over this case in order to hear a motion to enforce or otherwise apply the settlement in this case.

**DEREK SMITH LAW GROUP, PLLC**

By: _/s/ Abe Mel_
Abraham Z. Melamed, Esq.
Attorneys for Plaintiff
One Penn Plaza Suite 4905
New York, New York 10019
Phone: (212) 587-0760
Fax: (212) 587-4169
E-mail: abe@dereksmithlaw.com

Dated: August 30, 2019

**FISHER & PHILLIPS LLP**

By: _/s/ Colleen P. Tandy_
Colleen P. Tandy, Esq.
Attorneys for Defendants
430 Mountain Avenue, Suite 303
Murray Hill, New Jersey 07974
Phone: (908) 516-1050
Fax: (908) 516-1051
E-mail: ctandy@fisherphillips.com

Dated: August 30, 2019

SO ORDERED:

_____
Hon. Andrew L. Carter, Jr. U.S.D.J.                    Date: